# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| HILLIARY ACQUISITION CORP. 2016, LLC, and OKLAHOMA WESTERN TELEPHONE COMPANY, LLC, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. CIV-17-1242-M |
| CYNTHIA GARRISON; MIKE VAN HORN; PAULINE VAN HORN; DUSTY KIRKES; and TRUDIE KIRKES, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER

Before the Court is defendants' 12(b) Motion To Dismiss Or Alternatively Stay Proceedings For Lack Of Subject Matter Jurisdiction, And Due To The Same Issues Before This Court Being Currently In Litigation In The United States Court For The Eastern District Of Oklahoma, And Improper Venue, filed December 7, 2017. On December 28, 2017, plaintiffs filed their response. Defendants have filed no reply.

## I.   Introduction

This case involves a dispute arising out of defendants' alleged misrepresentations and fraud concerning the sale of 100% of the stock of plaintiff Oklahoma Western Telephone Company, LLC ("OWTC"), which was purchased by plaintiff Hilliary Acquisition Corp. 2016, LLC ("HAC 2016"). Plaintiffs allege six causes of action against defendants: (1) securities fraud under the Securities Exchange Act of 1934 § 10(b) and 17 C.F.R. § 240.10b-5, (2) violation of Section 1-509 of the Oklahoma Securities Act, (3) breach of fiduciary duties under the Employee Retirement

Income Security Act ("ERISA") § 502(a)(2), codified at 29 U.S.C. § 1132(a)(2), (4) breach of contract, (5) fraud, and (6) constructive fraud. Defendants now move this Court to dismiss plaintiffs' Amended Complaint for lack of subject matter jurisdiction, improper venue, and/or because the same issues are currently pending before the United States District Court for the Eastern District of Oklahoma.

II.     Discussion

    A.     Subject matter jurisdiction

Defendants assert that there is no federal subject matter jurisdiction over the instant case. Specifically, defendants assert that absolutely none of the claims asserted by plaintiffs arise under the Constitution, treaties, or laws of the United States.

Defendants contend that this Court does not have subject matter jurisdiction over plaintiffs' federal securities claim. Specifically, defendants contend that Rule 10b-5 only applies to publicly traded stock on a national stock exchange and that the sale of stock at issue in this case was a private sale of stock. Defendants further contend that the instant sale was entirely an intrastate sale, and no part of the transaction was required to cross state lines to effectuate the same.

Federal district courts have exclusive jurisdiction over federal securities claims brought pursuant to the Securities Exchange Act of 1934. *See* 15 U.S.C. § 78aa ("The district courts of the United States . . . shall have exclusive jurisdiction of violations of this chapter or the rules and regulations thereunder, and of all suits in equity and actions at law brought to enforce any liability or duty created by this chapter or the rules and regulations thereunder."). Additionally, Rule 10b-5 unquestionably applies to the private sale of stock. Rule 10b-5 provides:

> It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails or of any facility of any national securities exchange,
>    (a)  To employ any device, scheme, or artifice to defraud,

> (b)  To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or
>
> (c) To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person,
>
> in connection with the purchase or sale of <u>any</u> security.

17 C.F.R. § 240.10b-5 (emphasis added).  Further, the Securities Exchange Act of 1934 specifically prohibits the use of any manipulative or deceptive device "in connection with the purchase or sale of any security on a national securities exchange <u>or any security not so registered</u>."  15 U.S.C. § 78j(b) (emphasis added).  Additionally, the Securities Exchange Act of 1934 defines the term "interstate commerce" to include "<u>intrastate use</u> of (A) any facility of a national securities exchange or of a telephone or other interstate means of communication or (B) any other interstate instrumentality."  15 U.S.C. § 78c(17) (emphasis added).

Having carefully reviewed plaintiffs' Amended Complaint, the Court finds that it clearly has exclusive federal jurisdiction over plaintiffs' federal securities claim.  Plaintiffs specifically allege:

> Defendants' conduct was accomplished directly or indirectly by the use of the means and instrumentalities of interstate commerce, including the mails, telephone, or internet in connection with the fraud.  For example, Defendants provided the Due Diligence Documents to HAC 2016 through electronic means via an internet based sharing service known as "Dropbox."

Amended Complaint at ¶ 35.  Plaintiffs' Amended Complaint, therefore, should not be dismissed based upon any lack of subject matter jurisdiction.[1]

---

[1] The Court would also note that it clearly has exclusive federal jurisdiction over OWTC's ERISA breach of fiduciary duty claim.  *See* 29 U.S.C. § 1132(e)(1) ("[T]he district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter brought by . . . [a] fiduciary . . . .").  In their Amended Complaint, plaintiffs specifically allege that OWTC is a fiduciary of the Pension Plan.

B.      Venue

Defendants contend that the proper venue for this action is the Eastern District of Oklahoma. Defendants assert that they are residents of Pushmataha County, Oklahoma, located in the Eastern District, that OWTC's principal place of business is located in Pushmataha County, and that the contract which gives rise to all of the causes of action was signed in the Eastern District. Defendants further assert that OWTC exclusively conducted business in the Eastern District and no business was being conducted in the Western District.

The general venue statute provides that a civil action may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, . . . ." 28 U.S.C. § 1391(b)(2). Having carefully reviewed the parties' submissions, as well as plaintiffs' Amended Complaint, the Court finds that venue is proper in the Western District of Oklahoma. Specifically, the Court finds that a substantial part of the events or omissions giving rise to plaintiffs' federal securities claim occurred in the Western District of Oklahoma. Defendants frequently communicated with HAC 2016 in the Western District and shared numerous financial documents relating to OWTC in the Western District over the internet, and the closing of the stock sale and delivery of stock certificates occurred in the Western District.

Accordingly, the Court finds that this case should not be dismissed based upon improper venue.

C.      Eastern District lawsuit

Defendants contend that the issues alleged in plaintiffs' Amended Complaint are the same identified issues currently pending in a prior filed case before the United States District Court for the Eastern District of Oklahoma. Defendants assert that this Court should dismiss this case or, alternatively, stay these proceedings to allow the Eastern District to make a determination

regarding subject matter jurisdiction and venue. Having carefully reviewed the parties' submissions, the Court finds defendants have not set forth a sufficient basis to either dismiss or stay these proceedings based upon the lawsuit filed in the Eastern District of Oklahoma. Other than simply stating that the two cases raise the same issues, defendants set forth absolutely no factual or legal basis as to why this case should be stayed or dismissed in light of the Eastern District of Oklahoma case.

Accordingly, the Court finds that this case should not be dismissed or stayed based upon the Eastern District of Oklahoma case.

III.    Conclusion

For the reasons set forth above, the Court DENIES defendants' 12(b) Motion To Dismiss Or Alternatively Stay Proceedings For Lack Of Subject Matter Jurisdiction, And Due To The Same Issues Before This Court Being Currently In Litigation In The United States Court For The Eastern District Of Oklahoma, And Improper Venue [docket no. 10].

**IT IS SO ORDERED this 16th day of February, 2018.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE